980 F.2d 744
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Teofilo B. GRANFIL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3332.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Teofilo B. Granfil petitions for review of the March 6, 1992, Merit Systems Protection Board (Board) decision, Docket No. SE0831920074I1, affirming the Office of Personnel Management's (OPM) reconsideration decision that denied his application for a civil service retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 On November 1, 1991, OPM denied Granfil's request for reconsideration of its denial of his application for a civil service retirement annuity based upon his alleged employment by the United States Navy in Guam from 1947 until 1971. The Board upheld OPM's determination that Granfil had not shown that he met the requirements for entitlement to a civil service retirement annuity. 5 U.S.C. § 8333(a)-(b).
 
 
 3
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Sections (a) and (b) of 5 U.S.C. 8333 provide that to be eligible for a civil service retirement annuity, an "employee" must have: (1) five years of creditable service, and (2) one year of service subject to the civil service retirement system during the last two years of service. The term "employee" by cross reference is defined in 5 U.S.C. § 2105(a) as a person (1) appointed by a federal officer acting in his or her official capacity; (2) engaged in the performance of a federal function under authority of law or an executive act; and (3) subject to the supervision and direction of a federal official while engaged in the duties of his position. An individual must satisfy all three elements of section 2105(a) to be considered a federal employee and the requirements for these elements are strictly construed. Watts v. Office of Personnel Management, 814 F.2d 1576, 1579 (Fed.Cir.), cert. denied 484 U.S. 913 (1987).
 
 
 4
 The Administrative Judge (AJ) considered a statement from the National Personnel Records Center that a search of its records failed to reveal any evidence of Granfil's claimed civilian employment. The AJ also considered a document produced by Granfil evidencing his employment for Brown-Pacific-Maxon, a government contractor performing work for the Navy. The AJ concluded that all of Granfil's service was as an employee of a Navy contractor rather than as an employee of the Navy itself. The AJ held that Granfil had failed to establish that he was an "employee" pursuant to 5 U.S.C. §§ 2105(a) and 8333 and affirmed OPM's denial of Granfil's application for an annuity.
 
 
 5
 Here, Granfil fails to allege any grounds that would establish his entitlement to an annuity. The AJ carefully weighed the evidence presented and concluded that Granfil's service was with a government contractor instead of the Navy. Granfil has not shown otherwise. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden to establish entitlement to benefits). Accordingly, we determine that the Board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law.